# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAMES F. LAPINSKI,

       Plaintiff,

v.                                            Case No: 6:16-cv-1418-Orl-40GJK

ST. CROIX CONDOMINIUM ASSOCIATION, INC., ESTATE OF DOUGLAS COOK, FIFTH DISTRICT COURT OF APPEALS OF FLORIDA, FLORIDA SEVENTH CIRCUIT COURT, STATE OF FLORIDA, VOLUSIA COUNTY, STEPHEN J. GUARDINO, R. BROOKS CASEY, JENNIFER CAMPEN, JOSEPH BANDY, GARY CHANDLER, JERRY AZEFF, JOHN WENDER, SANDI DEMBINSKY, WILLIAM PARSONS, JAMES CLAYTON, ROBERT ROUSE, JR. , DAYTONA BEACH SHORES, FL and ESTATE OF MICHEAL KENNEDY,

       Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION FOR SUMMARY JUDGMENT (Doc. No. 48)** |
| **FILED:** | October 25, 2016 |
| **THEREON** it is **RECOMMENDED** that the motion for default judgment be **DENIED AS PREMATURE** and the motion for summary judgment be **DENIED**. | |

On October 25, 2016, Plaintiff filed a "Motion for Default Judgment and Motion for Summary Judgment." Doc. No. 48. Plaintiff did not obtain a Clerk's default against any of the defendants. He alleges that defendants John J. Wender, Jr., and the Circuit Court of Volusia County refused to accept service. *Id.* at 2, 4. The only exhibits attached to the Motion are the Complaint and Civil Cover Sheet. *Id.* at Ex. A.

Because Plaintiff did not obtain a Clerk's default against any defendant, and other defendants in this action have appeared, it is recommended that the Court deny the motion for default judgment. *See Denizard v. Relic Inc.*, Case No. No. 6:14–cv–714–Orl–31DAB, 2014 WL 3053233, at *1 (M.D. Fla. July 7, 2014) (denying motion for default judgment as premature because in the Eleventh Circuit, obtaining a default judgment requires that the party first obtain a clerk's default before moving for final judgment and having multiple defendants raises the risk of inconsistent judgments when a default judgment is entered against one of them).

Plaintiff also labels the Motion as one for summary judgment. Doc. No. 48. In the Motion, Plaintiff states, "Jerry Azeff illegally got Chairman Defendant Mr. John Wender signed as Chairman ILLEGALLY in violation of Florida Statutes 718; 719 [sic] the Contract with [sic] illegal to [sic] Defendants' KICKBACKS from AA1 Restoration Group, Inc. of Port Orange, FL." *Id.* at 2 (emphasis in original). The Motion also contains allegations regarding whether the work was done without proper approval by the Association. *Id.* at 2-3. Plaintiff states that Wender and the Association are negligent, but does not give any factual or legal support for this conclusion. *Id.* at 3.

As Plaintiff did not provide any support for the factual assertions in the Motion, it is recommended that the Court deny the Motion to the extent that it requests summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (party moving for summary judgment has initial

burden "of . . . identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.") (quoting Fed. R. Civ. P. 56(c)(1)).

Based on the foregoing, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Default Judgment as premature and **DENY** Plaintiff's Motion for Summary Judgment (Doc. No. 48).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 10, 2016.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties