# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAMES F. LAPINSKI,

        Plaintiff,

v.                                                      Case No: 6:16-cv-1418-Orl-40GJK

ST. CROIX CONDOMINIUM
ASSOCIATION, INC., ESTATE OF
DOUGLAS COOK, FIFTH DISTRICT
COURT OF APPEALS OF FLORIDA,
FLORIDA SEVENTH CIRCUIT
COURT, STATE OF FLORIDA,
VOLUSIA COUNTY, STEPHEN J.
GUARDINO, R. BROOKS CASEY,
JENNIFER CAMPEN, JOSEPH
BANDY, GARY CHANDLER, JERRY
AZEFF, JOHN WENDER, SANDI
DEMBINSKY, WILLIAM PARSONS,
JAMES CLAYTON, ROBERT ROUSE,
JR., DAYTONA BEACH SHORES, FL,
and ESTATE OF MICHEAL
KENNEDY,

        Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT DAYTONA BEACH SHORES'S MOTION FOR SANCTIONS (Doc. No. 111)** |
| **FILED:** | **March 28, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.     BACKGROUND.

On September 8, 2016, Plaintiff filed an Amended Complaint against nineteen individuals and entities. Doc. No. 18. In the Amended Complaint, Plaintiff alleges that more than $76,000 was stolen from Plaintiff and his fellow unit owners in the St. Croix Condominiums due to the repainting of a small parking lot. *Id.* at 1-2. Plaintiff describes a state court lawsuit involving himself regarding this issue, and accuses the state court judges that presided over the litigation of colluding with the opposing parties, stealing money from Plaintiff's retirement funds, and forcing sheriff's sales of his wife's property. *Id.* at 2, 5, 6, 7. Plaintiff alleges that the state court judges made erroneous rulings. *Id.* at 3, 5. Plaintiff includes an allegation that some of the Defendants "crippled and disabled J. Lapinski permanently in the Volusia County Jail," and that Florida's Fifth District Court of Appeal illegally refused to litigate this. *Id.* at 4. Plaintiff also alleges that Florida's Seventh Judicial Circuit Court illegally refused to litigate major construction defect claims regarding the St. Croix Condominiums. *Id.* Plaintiff alleges that some of the Defendants stole the special assessments made by St. Croix. *Id.* Additionally, Plaintiff sues the City of Daytona Beach Shores ("Daytona Beach Shores") for issuing an allegedly illegal certificate of occupancy. *Id.* Defendants moved to dismiss the Amended Complaint. Doc. Nos. 35, 37, 39, 69, 72, 77, 80, 83. Defendants St. Croix Condominium Association, Inc., Jennifer Campen, Joseph Bandy, Gary Chandler, Jerry Azeff, John Wender, Sandi Dembinsky, and R. Brooks Casey move for Rule 11 sanctions against Plaintiff. Doc. No. 75.

On February 24, 2017, the undersigned issued a Report and Recommendation on the motions to dismiss and motion for sanctions, recommending that the Amended Complaint be dismissed with prejudice. Doc. No. 109 at 11-12. The undersigned found that the Amended Complaint did not comply with the Federal Rules of Civil Procedure by containing a short plain

statement of facts for each claim, did not state a cause of action upon which relief may be granted, and was clearly baseless, fanciful, fantastic, and delusional, i.e., patently frivolous. Doc. No. 109 at 6-7, 8-9. The undersigned also recommended that Rule 11 sanctions be imposed against Plaintiff in the form of an award of attorney's fees. *Id.* at 11. The undersigned recommended denying the request that Plaintiff be declared a vexatious litigant. *Id.* On May 24, 2017, the Court entered an Order overruling Plaintiff's objection to the Report and Recommendation, adopting the Report and Recommendation, and making it a part of the Order. Doc. No. 112 at 11.

On March 28, 2017, Daytona Beach Shores filed a Motion for Sanctions (the "Motion"). Doc. No. 111. Daytona Beach Shores argues that it should be awarded sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 because this proceeding is frivolous and Plaintiff is a vexatious litigant.[1] *Id.* at 3-5. Daytona Beach Shores asks that the Court "find that Plaintiff's claims are frivolous, declare that Plaintiff is a vexatious litigator, sanction Plaintiff, issue a screening order, award . . . Daytona Beach Shores attorney's fees and costs associated with defending this action, and for such other and further relief as the Court deems just and proper."[2] *Id.* at 5. Plaintiff did not file a response to the Motion, thus the Motion is unopposed. Local Rule 3.01(b) (providing that a party opposing a motion has fourteen days after service of the motion to file a response).

**II.     ANALYSIS.**

A court has discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis;
> (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as

---

[1] 28 U.S.C. § 1927 states, "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."
[2] As the Court found that Plaintiff's claims are frivolous after Daytona Beach Shores filed the Motion, the request that the Court do so is moot. Doc. No. 112 at 10-11.

> a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). The seminal case on Rule 11 in the Eleventh Circuit provides the standard and a two-step inquiry for courts to utilize in determining whether sanctions are appropriate:

> The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. . . .

*Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal citations omitted).

The Court previously determined that the Amended Complaint is objectively frivolous. Doc. No. 109 at 8-10; Doc. No. 112 at 10-11. Additionally, the Court found that Plaintiff should have known that the claims were patently frivolous due to the rulings against him in the prior lawsuits. Doc. No. 109 at 10; Doc. No. 112 at 11. Thus, Rule 11 sanctions are appropriate.

As in the Report and Recommendation on the motions to dismiss, it is recommended that an award of attorney's fees and costs is the appropriate sanction in this case to deter Plaintiff from filing future frivolous claims. Fed. Rule. Civ. P. 11(c)(4) (the Court must limit the Rule 11 sanction to that which would deter repetition of the same or similar conduct by similarly situated parties). The undersigned has considered all other sanctions and finds that an award of attorney's fees is the least restrictive sanction necessary to deter similar behavior. Plaintiff has filed three other cases in this Court, which appear to be unrelated to the issues in this case: *James Lapinski v. Southern Community Banc Mortgage, et al.*, Case No. 6:03-cv-967-28GJK (closed March 25, 2005); *Patricia and James Lapinski v. Federal National Mortgage Association, et al.*, Case No. 6:17-cv-883-41KRS (currently pending); and *Patricia and James Lapinski v. Andrew Leech, et al.*, Case

No. 6:17-cv-1280-37GJK (Order Dismissing Third Amended Complaint entered on August 10, 2017, Doc. No. 21). Thus, it is recommended that the Court decline to declare Plaintiff a vexatious litigant at this time. *See Jallali v. Nat'l Bd. of Osteopathic Med. Examiners, Inc.*, 518 F. App'x 863, 866 (11th Cir. 2013) (finding that district court did not abuse its discretion in declining to declare plaintiff a vexatious litigant when "it had dismissed only one of [the plaintiff's] claims on the merits and . . . the Defendants could seek relief in state court or in the courts where previous judgments against [the plaintiff] were rendered.").[3]

## III.  CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion, Doc. No. 111, be **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff be sanctioned by paying Daytona Beach Shores' attorney's fees and costs incurred in defending this case, Case No. 6:16-cv-1418-40GJK;

2. In all other respects, the Motion be **DENIED**; and

3. Daytona Beach Shores be given thirty days from the date of the Court's order to file a motion quantifying the amount of attorney's fees and costs to be awarded, accompanied by affidavits, detailed time sheets and any other supporting evidence.

### NOTICE TO PARTIES

**A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th**

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

**Cir. R. 3-1.**

Recommended in Orlando, Florida, on September 19, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties