# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAMES F. LAPINSKI,

   Plaintiff,

v.                Case No: 6:16-cv-1418-Orl-40GJK

ST. CROIX CONDOMINIUM ASSOCIATION, INC., ESTATE OF DOUGLAS COOK, FIFTH DISTRICT COURT OF APPEALS OF FLORIDA, FLORIDA SEVENTH CIRCUIT COURT, STATE OF FLORIDA, VOLUSIA COUNTY, STEPHEN J. GUARDINO, R. BROOKS CASEY, JENNIFER CAMPEN, JOSEPH BANDY, GARY CHANDLER, JERRY AZEFF, JOHN WENDER, SANDI DEMBINSKY, WILLIAM PARSONS, JAMES CLAYTON, ROBERT ROUSE, JR., DAYTONA BEACH SHORES, FL, and ESTATE OF MICHEAL KENNEDY,

   Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** DEFENDANTS' AMENDED MOTION FOR DETERMINATION OF AMOUNT OF ATTORNEYS' FEES AND COSTS TO BE AWARDED (Doc. No. 115)
>
> **FILED:** June 20, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND.

On September 8, 2016, Plaintiff filed an Amended Complaint against nineteen individuals and entities. Doc. No. 18. In the Amended Complaint, Plaintiff alleges that more than $76,000 was stolen from Plaintiff and his fellow unit owners in the St. Croix Condominiums due to the repainting of a small parking lot. *Id.* at 1-2. Plaintiff describes a state court lawsuit involving himself regarding this issue, and accuses the state court judges that presided over the litigation of colluding with the opposing parties, stealing money from Plaintiff's retirement funds, and forcing sheriff's sales of his wife's property. *Id.* at 2, 5, 6, 7. Plaintiff includes an allegation that some of the Defendants "crippled and disabled J. Lapinski permanently in the Volusia County Jail," and that Florida's Fifth District Court of Appeal illegally refused to litigate this. *Id.* at 4. Plaintiff also alleges that Florida's Seventh Judicial Circuit Court illegally refused to litigate major construction defect claims regarding the St. Croix Condominiums. *Id.* Plaintiff alleges that some of the Defendants stole the special assessments made by St. Croix. *Id.* Additionally, Plaintiff sues the City of Daytona Beach Shores for issuing an allegedly illegal certificate of occupancy. *Id.* Defendants moved to dismiss the Amended Complaint. Doc. Nos. 35, 37, 39, 69, 72, 77, 80, 83. Defendants St. Croix Condominium Association, Inc., Jennifer Campen, Joseph Bandy, Gary Chandler, Jerry Azeff, John Wender, Sandi Dembinsky, and R. Brooks Casey (the "St. Croix Defendants") filed one of the motions to dismiss, titled "Dispositive Motion to Dismiss Amended Complaint and Memorandum of Law" (the "Motion to Dismiss"). Doc. No. 72. The St. Croix Defendants also moved for Rule 11 sanctions against Plaintiff. Doc. No. 75.

On February 24, 2017, a Report and Recommendation was issued on the motions to dismiss and motion for sanctions, recommending that the Amended Complaint be dismissed with prejudice. Doc. No. 109 at 11-12. The Amended Complaint did not comply with the Federal Rules

of Civil Procedure by containing a short plain statement of facts for each claim, did not state a cause of action upon which relief may be granted, and was clearly baseless, fanciful, fantastic, and delusional, i.e., patently frivolous. Doc. No. 109 at 6-7, 8-9. It was also recommended that Rule 11 sanctions be imposed against Plaintiff in the form of an award of attorney's fees. *Id.* at 11. On May 24, 2017, the Court entered an order overruling Plaintiff's objection to the Report and Recommendation, adopting the Report and Recommendation, and making it a part of the order (the "Order"). Doc. No. 112 at 11. In the Order, the Court stated, "Plaintiff is sanctioned by paying [the St. Croix] Defendants . . . attorney's fees incurred in drafting their Dispositive Motion to Dismiss . . . ." *Id.* at 12.

On June 20, 2017, the St. Croix Defendants filed an Amended Motion for Determination of Amount of Attorneys' Fees and Costs to be Awarded (the "Motion"). Doc. No. 115. The St. Croix Defendants request an award of $7,155.25 in attorney's fees, including some paralegal time. *Id.* at 3. On June 26, 2017, Plaintiff filed his response to the Motion (the "Response"). Doc. No. 118.

II. <u>ANALYSIS</u>.

The Court uses the familiar lodestar method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson*

factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Id.* at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id*.

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to

show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). When a court finds the number of hours billed unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time or it may reduce the number of hours by an across-the-board cut. *Bivins*, 548 F.3d at 1350.

The St. Croix Defendants were awarded their attorney's fees in preparing the Motion to Dismiss under Federal Rule of Civil Procedure 11. Doc. No. 112 at 11. "The rule limits a court that imposes sanctions based solely on the opposing party's attorney's fees to a reasonable fee, even if that amount is smaller than the opposing party's actual expenses." *Fox v. Acadia State Bank*, 937 F.2d 1566, 1571 (11th Cir. 1991). The guiding principle is what is "required to deter further unreasonable conduct[,]" which may be an amount more or less than the attorney's fees actually incurred. *Id.*

### A. Reasonable Hourly Rate.

The St. Croix Defendants request that their attorney, R. Brooks Casey, be awarded a rate of $315 per hour, that their attorney Katherine Hurst Miller be awarded $250 per hour, and that

their paralegal, Debbie Dobbelaar, be awarded $125 per hour. Doc. No. 115 at 3. They attach the affidavit of Robert H. Bailey, Jr., to the Motion in support of these requests. *Id.* at 15-17. Mr. Bailey has been a member of The Florida Bar for thirty-seven years and "is familiar with the usual reasonable fees charged by attorneys and paralegals in the Middle District of Florida and in Volusia County." *Id.* at 16. Mr. Bailey opines that the requested rates are reasonable. *Id.* Plaintiff argues that Mr. Bailey's opinion is invalid because he shares offices with Mr. Casey. Doc. No. 118 at 3.

In light of the evidence provided, counsels' experience, and the *Johnson* factors, the rates requested are reasonable. Accordingly, it is recommended that the Court find that $315 per hour for Mr. Casey, $250 per hour for Katherine Hurst Miller, and $125 per hour for Debbie Dobbelaar are reasonable rates.

### B. Reasonable Number of Hours.

The St. Croix "Defendants seek 18.35 hours of time for attorney R. Brooks Casey, 1.10 hours of time for attorney Katherine Hurst Miller, and 8.80 hours of time for paralegal Debbie Dobbelaar." Doc. No. 115 at 3. Mr. Bailey opines that the hours expended are reasonable. *Id.* at 16. Plaintiff argues that most of the pleadings by the St. Croix Defendants' counsel were identical to pleadings filed in state court, Doc. No. 118 at 1, but Plaintiff does not provide the Court with those state court documents. Plaintiff also misconstrues footnote 2 in the Motion. The second footnote in the Motion states, "Defendant R. Brooks Casey was included in the motion for sanctions, but has not incurred any fees in preparation of the Dispositive Motion to Dismiss. As such, no fees are sought on his behalf." Doc. No. 115 at 1 n.2. Plaintiff argues that this means that Mr. Casey "will not seek fees." Doc. No. 118 at 3. Although Mr. Casey is not seeking an award of fees on behalf of himself, the other St. Croix Defendants are seeking fees to reimburse them for paying attorney's fees, including attorney's fees for Mr. Casey's work on the Motion to Dismiss.

The St. Croix Defendants attached time sheets to the Motion detailing the work performed. Doc. No. 115 at 8-14. Six of the time entries for Mr. Casey and Ms. Dobbelaar[1] contain descriptions of work unrelated to the Motion to Dismiss:

| Entry Number | Timekeeper | Date of Entry | Time Spent | Activity |
|---|---|---|---|---|
| **113354** | Casey | 11/2/2016 | 1.3 | Reviewed motions and returns of service filed by J. Lapinski; analyzed response and instructed paralegal regarding response |
| **114498** | Casey | 11/11/2016 | 1.0 | Conferred with clients regarding strategy for proceeding; prepared J. Wender motion for summary judgment; prepared email to all defendants to discuss strategy and status of the case |
| **115847** | Casey | 11/15/2016 | 1.0 | Reviewed notice from Lapinski; conferred with client regarding the same; prepared affidavit for J. Azeff |
| **113654** | Paralegal12 | 11/8/2016 | 2.8 | Reviewed Motion for Default Judgment filed by Lapinski against John Wender; Drafted Motion to Dismiss and Responses to Motion for Default Judgment as to John Wender; Drafted affidavit as to John Wender; Conferred with Mr. Wender regarding affidavit. |
| **114718** | Paralegal12 | 11/11/2016 | 0.7 | Reviewed docket to determine status of defendants served with the complaint; Revised |

---

[1] The timesheets refer to "Paralegal12," which the undersigned assumes is Ms. Dobbelaar, as she is the only paralegal listed in the Motion.

| | | | | Affidavit for J. Wender; Revised Motion to Dismiss and response to motion for summary judgment. |
|---|---|---|---|---|
| **114723** | Paralegal12 | 11/15/2016 | 2.5 | Drafted motion to dismiss; Drafted affidavit of John Azeff; Drafted defendants' notice of pendency of other actions; Drafted defendants' certificate of interested persons. |
| **Total:** | | | 9.3 | |

*Id.* at 9-11, 14. The first entry, number 113354, does not appear to relate in any respect to the Motion to Dismiss, and thus, it is recommended that the 1.3 hours associated with this entry be deducted. The other entries do not distinguish between time spent on the Motion to Dismiss and other non-compensable activities listed, and therefore it is recommended that those hours be deducted in their entirety, as this block billing makes it impossible for the Court to determine how much of the time listed was devoted to matters regarding the Motion to Dismiss. *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010) ("The Court cannot cleanly divide time . . . where one block of time contains compensable and non-compensable tasks. For this reason, the Court . . . has either awarded no attorney's fees to 'block billing' entries or significantly reduced the requested attorney's fees."); *Ferrate Treatment Techs., LLC v. Ciampi*, No. 6:06-CV-1565-ORL-28KRS, 2007 WL 1128962, at *3 (M.D. Fla. March 27, 2007), *adopted at Doc. No. 34* (M.D. Fla. Apr. 16, 2007) (awarding no attorney's fees for time entries containing both compensable and non-compensable time). Accordingly, it is recommended that the Court reduce the time claimed by the St. Croix Defendants for Mr. Casey by 3.3 hours and the time claimed by Ms. Dobbelaar by 6 hours. The other hours claimed on the timesheets are reasonable, based on the evidence before the Court, the *Johnson* factors, and the undersigned's experience, and therefore

recommends that the Court find the following hours reasonable: Mr. Casey—15.05; Ms. Hurst Miller—1.10; and Ms. Dobbelaar—2.8.

**C. Lodestar.**

Applying the foregoing findings to the hours and rates at issue results in the amounts below:

| Attorney | Reasonable Hours Expended | Reasonable Hourly Rate | Fees |
|---|---|---|---|
| Mr. Casey | 15.05 | $315 | $4,740.75 |
| Ms. Hurst Miller | 1.10 | $250 | $275.00 |
| Ms. Dobbelaar | 2.8 | $125 | $350.00 |

Accordingly, adding the fees set forth above results in a lodestar amount of $5,365.75.

**D. Rule 11 Considerations.**

The Court awarded the St. Croix Defendants their "attorney's fees incurred in drafting their Dispositive Motion to Dismiss" under Rule 11. Doc. No. 112 at 10-12. The Order adopted the Report and Recommendation, which found "that an award of attorney's fees is the appropriate sanction in this case to deter Plaintiff from filing future frivolous claims." Doc. No. 109 at 10. Under Rule 11, the amount of the attorney's fees awarded must be reasonable and sufficient to deter future misconduct. *Fox v. Acadia State Bank*, 937 F.2d 1566, 1571 (11th Cir. 1991).

As discussed above, the lodestar amount of $5,365.75 is a reasonable fee. This amount should be sufficient to deter Mr. Lapinski from filing future frivolous claims, as he can expect to pay similar fees in the future for doing so.

**III. CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Motion, Doc. No. 115, be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That the Motion be **GRANTED** to the extent that the St. Croix Defendants be awarded $5,365.75 in attorney's fees; and

2. In all other respects, that the Motion be **DENIED**.

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on October 3, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties