**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES F. LAPINSKI,

        Plaintiff,

v.                                  Case No:  6:16-cv-1418-Orl-40GJK

ST. CROIX CONDOMINIUM
ASSOCIATION, INC., ESTATE OF
DOUGLAS COOK, FIFTH DISTRICT
COURT OF APPEALS OF FLORIDA,
FLORIDA SEVENTH CIRCUIT COURT,
STATE OF FLORIDA, VOLUSIA
COUNTY, R. BROOKS CASEY,
JENNIFER CAMPEN, JOSEPH BANDY,
GARY CHANDLER, JERRY AZEFF,
JOHN WENDER, SANDI DEMBINSKY,
DAYTONA BEACH SHORES, FL and
ESTATE OF MICHEAL KENNEDY,

        Defendants.
_____/

## <u>ORDER</u>

This cause comes before the Court on *pro se* Plaintiff's Amended Objection to Order Granting Defendants' Motion for Attorney Fees and Motion to "Lower Granted Attorneys' Fees" (Doc. 175), filed September 17, 2018, which the Court construes as a motion for reconsideration. Defendants did not file a response, and the Court does not require one to resolve this motion. Upon consideration, the motion is due to be denied.

Defendants filed a motion for attorney fees seeking an award of $20,714.50. (Doc. 156). The Court granted Defendants' motion upon a finding that the hours and rates used to calculate the $20,714.50 award were reasonable. (Doc. 169). Plaintiff filed an objection to the order, requesting the award be reduced to an amount of $4,784. (Doc. 175, p. 2).

Plaintiff complains the fees are "erroneous, duplicative and inflated/excessive." (*Id.*) Plaintiff specifically objects to the Court's award for Defendant Counsel R. Brooks Casey's fees, which Plaintiff describes as "unnecessary [and] excessive." (*Id.* at p. 1–2). Plaintiff further claims that Casey "stated repeatedly in filings . . . [that] he will not charge fees for his work as a Defendant," but fails to cite to any filings as evidence of this claim. (*Id.* at p. 1). Plaintiff also marks up the Court's findings of reasonable hours and rates, which he substitutes with his own numbers. (*Id.* at p. 8). Plaintiff does not state the rationale or calculation for his substituted numbers. (*Id.* at p. 8).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Monticello Ins. Co. v. Dynabilt Mfg. Co., Inc.*, No. 605CV548ORL19DAB, 2005 WL 3019241, at *2 (M.D. Fla. Nov. 10, 2005). "There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* Reconsideration of a prior order requires the moving party to "set forth facts or law of a strongly convincing nature." *Id.*

Plaintiff has failed to establish grounds for reconsideration. *See Monticello Ins. Co.*, 2005 WL 3019241, at *2; (Doc. 169). Plaintiff offers no new evidence, cites no changes in law, and does not establish any need to remedy an error or injustice. Plaintiff simply relies on conclusory language to describe the fees as "unnecessary . . . erroneous, duplicative[,] and inflated/excessive." (Doc. 175, p. 2). Plaintiff fails to explain what about the fees makes them "unnecessary . . . erroneous, duplicative[,] and inflated/excessive." (*See id.* at p. 2). Plaintiff claims Defendant Counsel R. Brooks Casey would "not charge fees for his work as a Defendant," but he does not provide evidence to support this claim.

(*See id.* at p. 2). Similarly, Plaintiff substitutes the Court's findings of reasonable hours and rates with his own numbers, but does not explain the method or rationale for his calculations. (*See id.* at p. 8). Without justification for the conclusory language and substituted hours and rates, Plaintiff's characterizations of the fees are merely bare descriptions.

Accordingly, Plaintiff's Amended Motion for Reconsideration of Order Granting Defendants' Motion for Attorney Fees (Doc. 175) is **DENIED**.

Plaintiff also moves to "Deny and Strike" Defendants' Post Judgment Request for Production of Documents to Plaintiff James F. Lapinski. (*See id.* at p. 2). Plaintiff does not include the entire document he wishes to "deny and strike," and he further fails to provide any justification for the Court to do so. Accordingly, the Plaintiff's motion to "Deny and Strike" Defendants' Post Judgment Request for Production of Documents to Plaintiff James F. Lapinski (*See id.* at p. 2) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 18, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties