# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAMES F. LAPINSKI,

      Plaintiff,

v.                                            Case No:  6:16-cv-1418-Orl-40GJK

ST. CROIX CONDOMINIUM
ASSOCIATION, INC., ESTATE OF
DOUGLAS COOK, FIFTH DISTRICT
COURT OF APPEALS OF FLORIDA,
FLORIDA SEVENTH CIRCUIT
COURT, STATE OF FLORIDA,
VOLUSIA COUNTY, STEPHEN J.
GUARDINO, R. BROOKS CASEY,
JENNIFER CAMPEN, JOSEPH
BANDY, GARY CHANDLER, JERRY
AZEFF, JOHN WENDER, SANDI
DEMBINSKY, WILLIAM PARSONS,
JAMES CLAYTON, ROBERT ROUSE,
JR., DAYTONA BEACH SHORES, FL,
and ESTATE OF MICHEAL
KENNEDY,

      Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' AMENDED MOTION FOR ATTORNEYS' FEES (Doc. No. 173)** |
| **FILED:** | **August 30, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.     BACKGROUND.**

On June 26, 2018, the undersigned issued a Report and Recommendation recommending that if the Plaintiff is found in contempt for failing to respond to the St. Croix Defendants'[1] discovery requests, then the St. Croix Defendants should be awarded their reasonable expenses incurred in filing their Renewed Motion to Compel Post-Judgment Discovery, Motion for Sanctions, and Memorandum of Law in Support (the "Renewed Motion"), Doc. No. 148. Doc. No. 154 at 6. On August 1, 2018, the Court adopted the Report and Recommendation and scheduled a hearing for Plaintiff to show cause why sanctions should not be imposed and whether he should be adjudged in civil contempt. Doc. No. 160 at 4-5. On August 16, 2018, following the hearing, the Court adjudged Plaintiff in contempt. Doc. No. 167 at 4.

On August 30, 2018, the St. Croix Defendants (sans R. Brooks Casey) filed a motion for attorney's fees pursuant to the Report and Recommendation and the order adopting it (the "Motion"). Doc. No. 173. The Motion is supported by affidavits filed pursuant to the Report and Recommendation. Doc. No. 159. Plaintiff did not file a response to the Motion.

**II.    ANALYSIS.**

The Court uses the familiar lodestar method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714

---

[1] The St. Croix Defendants are St. Croix Condominium, Inc., Jennifer Campen, Joseph Bandy, Gary Chandler, Jerry Azeff, John Wender, Sandi Dembinsky, and R. Brooks Casey.

(5th Cir.1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Id.* at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at

434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). When a court finds the number of hours billed unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time or it may reduce the number of hours by an across-the-board cut. *Bivins*, 548 F.3d at 1350.

The St. Croix Defendants request that their attorney, R. Brooks Casey, be awarded a rate of $325 per hour and that their attorney Katherine Hurst Miller be awarded $250 per hour. Doc. No. 159 at 4. They rely on the affidavit of Robert H. Bailey, Jr., in support of these requests. *Id.* at 7-10. Mr. Bailey has been a member of The Florida Bar for thirty-seven years and "is familiar with the usual reasonable fees charged by attorneys and paralegals in the Middle District of Florida and in Volusia County." *Id.* at 8. Mr. Bailey opines that the requested rates are reasonable. *Id.*

Considering the evidence provided, counsels' experience, and the *Johnson* factors, the rates requested are reasonable. Accordingly, it is recommended that the Court find that $325 per hour for Mr. Casey and $250 per hour for Katherine Hurst Miller are reasonable rates.

The St. Croix Defendants seek 1.7 hours of time for attorney Casey and 1.3 hours of time for attorney Miller. Doc. No. 159 at 4. Mr. Bailey opines that the hours expended are reasonable. *Id.* at 8. The St. Croix Defendants included time sheets detailing the work performed. *Id.* at 6. Based on the evidence before the Court, the *Johnson* factors, and the undersigned's experience, the hours claimed are reasonable.

Applying the foregoing findings to the hours and rates at issue results in the amounts below:

| Attorney | Reasonable Hours Expended | Reasonable Hourly Rate | Fees |
| --- | --- | --- | --- |
| Mr. Casey | 1.7 | $325 | $552.50 |
| Ms. Hurst Miller | 1.3 | $250 | $325.00 |

Adding the fees set forth above results in a lodestar amount of $877.50. This amount is a reasonable amount of attorney's fees incurred in bringing the Renewed Motion.

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 173) be **GRANTED** and the St. Croix Defendants be awarded $877.50 in attorney's fees.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on October 30, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties